FILED: JUNE 11, 1999

IN THE SUPREME COURT OF THE STATE OF OREGON

LEONARD J. BERGSTEIN,

 Petitioner,

 v.

HARDY MYERS, Attorney General,

State of Oregon,

 Respondent,

 and

GREGORY KAFOURY and

RONDA HATEFI,

 Intervenors.

(SC S46367, S46369)

______________________________________________________________

JIM EASTRIDGE, 

 Petitioner, 

 v. 

 

HARDY MYERS, Attorney General, 

State of Oregon, 

 Respondent, 

 and 

 

GREGORY KAFOURY and 

RONDA HATEFI, 

 Intervenors.

(SC S46368, S46370)
 

______________________________________________________________

DENISE M. MILLS, 

 Petitioner, 

 v.

 

HARDY MYERS, Attorney General, 

State of Oregon, 

 Respondent, 

 and 

 

GREGORY KAFOURY and 

RONDA HATEFI, 

 Intervenors.

(SC S46371, S46372)

______________________________________________________________

(Consolidated for Argument and Opinion)

 En Banc

 Argued and submitted May 25, 1999.

 Charles Hinkle, of Stoel Rives LLP, Portland, argued the
cause and filed the petition for petitioner Bergstein.

 James E. Mountain, Jr., Salem, argued the cause for
petitioner Eastridge. With him on the petition were Brendan C.
Dunn, Bruce A. Bishop, and Harrang Long Gary Rudnick P.C., Salem.

 Michael Mills, of Mills & McMillin P.C., Salem, argued the
cause and filed the petition for petitioner Mills.

 Philip Schradle, Assistant Attorney General, Salem, argued
the cause for respondent. With him on the responses were Hardy
Myers, Attorney General, and Michael D. Reynolds, Solicitor
General, Salem.

 Linda K. Williams, Portland, argued the cause and filed the
briefs for intervenors.

 PER CURIAM

 Ballot titles certified. This decision shall become
effective in accordance with ORAP 11.30(10).

 PER CURIAM

 These are six ballot title review proceedings brought
under ORS 250.085(2). They concern two closely related proposed
initiative measures (distinguished principally by the fact that
one is in the form of a statutory enactment while the other is a
constitutional amendment) that deal with video poker and other
video games. The proceedings have been consolidated for the
purposes of argument and opinion. All petitioners are electors
who timely submitted written comments concerning the content of
the Attorney General's draft ballot titles and who therefore are
entitled to seek review of the ballot titles certified by the
Attorney General. See ORS 250.085(2) (setting that standard). 

 We have considered the arguments advanced by each
petitioner with respect to each of the proposed measures. None
of the arguments establishes that the Attorney General has failed
to comply substantially with the requirements of ORS 250.035(2). 
An opinion fully setting forth our reasoning would not enhance
the jurisprudence in this area of the law, nor would it
materially assist the bar or the public in future proceedings of
this kind.

 Accordingly, for proposed initiative petition no. 48,
the court certifies to the Secretary of State the following
ballot title:

AMENDS CONSTITUTION: PROHIBITS LOTTERY COMMISSION

FROM CONTINUING AUTHORIZATION OF VIDEO CASINO GAMES

 RESULT OF "YES" VOTE: "Yes" vote prohibits Lottery
Commission from continuing authorization of video
poker, other video casino games.

 RESULT OF "NO" VOTE: "No" vote allows Lottery
Commission to continue to authorize video poker, other
video casino games.

 SUMMARY: Amends constitution. Lottery Commission
may now initiate games using video devices; proceeds
from such games must be transferred to the Economic
Development Fund. Measure amends constitution to
prohibit Commission from initiating new games using
video devices and to prohibit Commission from
authorizing games using video devices that play or
simulate a casino game of dice or cards or a roulette
wheel. Measure also requires all operations of video
poker or other video casino games previously authorized
by the Commission to cease by December 31, 2001.

 For proposed initiative petition no. 49, the court
certifies to the Secretary of State the following ballot title:

 PROHIBITS LOTTERY COMMISSION FROM CONTINUING

AUTHORIZATION OF VIDEO CASINO GAMES

 RESULT OF "YES" VOTE: "Yes" vote prohibits Lottery
Commission from continuing authorization of video
poker, other video casino games.

 RESULT OF "NO" VOTE: "No" vote allows Lottery
Commission to continue to authorize video poker, other
video casino games.

 SUMMARY: Lottery Commission may now initiate games
using video devices; proceeds from such games must be
transferred to the Economic Development Fund. Measure
amends statutes to prohibit Commission from initiating
new games using video devices and to prohibit
Commission from authorizing games using video devices
that play or simulate a casino game of dice or cards or
a roulette wheel. Measure also requires all operations
of video poker or other video casino games previously
authorized by the Commission to cease by December 31,
2001.

 Ballot titles certified. This decision shall become
effective in accordance with ORAP 11.30(10).